**SU`ESU`EMANOGI WILLIAMS, ET AL., Appellants,**

**v.**

**TUPUOLA PETELO, ET AL., Appellees.**

High Court of American Samoa
Appellate Division

AP No. 14-00

October 3, 2002

Before KRUSE, Chief Justice, WALLACE,[*] Acting Associate Justice, MOLLWAY,[**] Acting Associate Justice, MAMEA, Associate Judge, TUPUIVAO, Associate Judge.
Counsel: For Appellant, Salanoa S. Aumoeualogo
 For Appellee, Asaua Fuimaono

## OPINION AND ORDER

Appellants, members of the extended Alo family of Fagasa village, and Appellees, the Tupuola family also of Fagasa, each lay claim to substantially overlapping parcels of land within the village. This is an appeal from a judgment of the Land and Titles Division awarding the overlap to appellees.

### Background

The factual backdrop to these proceedings is as follows: On December 12, 1993, Tupuola Petelo, then the *sa`o* (senior chief) of the Tupuola family, filed LT No. 42-93 against appellants Su`esu`emanogi Williams and Mary Keleti to enjoin them from constructing a house and trespassing on the disputed land. Shortly thereafter, Tupuola Petelo moved to dismiss the case, asserting that the parties had settled their differences. On January 11, 1994, the court thereupon dismissed LT No. 42-93 without prejudice.

Two weeks later, Petelo filed LT No. 7-94, for the very same purposes he had filed LT No. 42-93. The Land and Titles Division ordered both parties to survey their respective land claims. The Tupuola family completed their first survey of 2.322 acres in March 1994 and offered to register this parcel of land as their communal land. The appellants duly filed their objection with the Territorial Registrar, and subsequently completed their own survey of 2.819 acres in December 1994. They in turn sought to register title to their surveyed parcel.

---

[*] The Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] The Honorable Susan Oki Mollway, United States District Court Judge, District of Hawaii, serving by designation of the Secretary of the Interior.

On January 9, 1995, the Territorial Registrar referred the matter to the Secretary of Samoan Affairs. The requisite statutory mediation effort failed and the Secretary of Samoan Affairs accordingly certified, on March 10, 1995, an irreconcilable dispute for referral to the High Court, where it became docketed as LT No. 12-95. Subsequently, LT No. 12-95 and LT No. 7-94 were consolidated.

In 1997, the Tupuola family completed another survey, this one for 5.22 acres, which completely engulfed the area claimed by appellants. The matter then lay dormant until October 1999, when appellees moved for trial date. After two further continuances at appellants' request, trial was finally held on April 25 and 26, 2000, albeit over appellants' objection and request for yet another continuance. Just prior to trial, Tupuola Satete had, by affidavit dated April 19, 2000, notified the court that he was now the *sa`o* replacing Tupuola Petelo, who had died. At trial, he moved to be substituted in lieu of his predecessor-in-title, Tupuola Petelo. Appellants, however, argued that this substitution request warranted a further continuance. The court granted the substitution request and denied the motion for continuance, citing, among other things, the longstanding dormancy of the matter on its docket.

At trial, each party put on witnesses and introduced their respective surveys. Appellees asserted that they had occupied the entire area of their approximately 5-acre survey since before 1900, and that appellants' presence in the area was only intermittent and by permission of various Tupuola titleholders. Appellants, on the other hand, argued that they had been on the land since time immemorial and without any permission from the Tupuola family.

In its order dated July 6, 2000, the trial court found appellees' evidence in support of their claim to be credible. It also found that appellants' presence on the land had not only been intermittent but was with the Tupuola family's permission. Pointing to the corroborating presence of a Tupuola cemetery and the lack of an Alo cemetery on the contested land, the history of Fagasa village, as well as to its assessment of credibility of the testimony, the court found for appellees. It ordered, *inter alia,* registration of title to the overlap as part of Tupuola communal land, and enjoined appellants from building on the land without the Tupuola *sa`o's* permission.

### Standard of Review

The decision to grant or deny a continuance is in the discretion of the trial court and will only be overturned upon a clear showing of abuse of that discretion. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1102 (9th Cir. 1998). The findings of fact of the trial court may not be

set aside by the Appellate Division unless clearly erroneous. 43 A.S.C.A. § 43.0801(b). The trial court's findings of fact are not clearly erroneous where supported by substantial evidence in the record. *Suapilimai v. Faleafine*, 9 A.S.R.2d 16, 19 (App. Div. 1988). The test for clear error is not whether appellant presented substantial evidence, but whether there was substantial evidence to support the trial court's findings. *Moea`i v. Alai`a*, 12 A.S.R.2d 91, 93 (App. Div. 1989). The clear error standard applies to the lower court's evaluation of witnesses' credibility. *Paolo v. Utu*, 26 A.S.R.2d 18, 19 (App. Div. 1994); *In re Matai Title Tauaisafune*, 6 A.S.R.2d 59, 61 (App. Div. 1987) (appellate court must defer to the trial court on factual determinations turning on the credibility of witnesses).

## Discussion

Appellants claim error in the trial court's refusal to grant a continuance and in allowing appellees to substitute party names just before trial. Secondly, they contend that the court's findings were in error and not substantially supported. In the alternative, appellants submit that they have established title through adverse possession.

## A. Substitution of Parties

Appellants argue that the trial court's order allowing appellees to substitute Tupuola Satete for the deceased Tupuola Petelo, and its denial of their continuance request after allowing the substitution, was an abuse of discretion. Appellants specifically point to the different surveys presented by the two *sa`os* as being prejudicial to their claims.

The trial court noted that the death of Tupuola Petelo was first indicated on the record of these proceedings when Tupuola Satete filed his motion seeking sanctions against the appellants, for alleged dilatory and delaying tactics. In his affidavit in support, dated April 19, 2000, Tupuola Satete averred that he was the family *sa`o* succeeding Tupuola Petelo, who had passed away. In addition, the trial court further noted that appellee's second survey in 1997 was commissioned by Tupuola Satete, who was thus known to appellants as the new *sa`o* of the Tupuola family for several years before the trial. In light of this early notice well before trial, the trial court was not persuaded on appellants' claim of prejudice.

Appellants, notwithstanding direct questions by members of this Court to counsel during oral argument, have neither been able to articulate nor demonstrate just what that prejudice might be.[1] In our view, the trial

---

[1] Appellants' argument tends to overlook the legal and Samoan reality

court did not abuse its discretion in granting the substitution of parties and in denying the proposed continuance. There was ample evidence that the change was not a surprise and no prejudice has been demonstrated by appellants.

## B. Trial Court's Factual Findings

Appellants challenge the trial court's factual findings as being in clear error. The findings below specifically challenged by appellants are that the Alo use of the land has only been with the permission of the Tupuola family, that the Alo presence on the land has been intermittent, and that the Tupuola family has established ownership of the entirety of their survey.

Appellants urge that these findings were based "solely on the hearsay testimony of Tupuola Satete." The main thrust of the argument here is that the Tupuola testimony was based primarily on family history, and that acts of dominion, such as controlling and cultivating the land, are a better indicator of ownership than family history.

Ironically, appellants' evidentiary support likewise rested in part on the hearsay value of oral tradition and family history, with their claim to ownership from time immemorial and in their reference to a Alo Taisi as the original cultivator of the disputed land. In the same manner, appellants' case was also principally footed on the testimony of one man, Alo Sila Williams.

■ Be that as it may, when a factual issue comes down to credibility of the witnesses, the appellate court must defer to the trial court's judgment. *See also Reine v. Taotoai*, 25 A.S.R.2d 136, 138 (App. Div. 1994) (it is for the trial court to resolve conflicts in the evidence, and to judge the credibility of witnesses); *Utuutuvanu v. Mataituli*, 12 A.S.R.2d 88, 90 (App. Div. 1989) (the credibility of witnesses is uniquely the prerogative of the trial court); *Nat'l Pac. Ins. Co. v. Oto*, 3 A.S.R.2d 94, 95 (App. Div. 1986). Here, the trial court clearly stated in its opinion that it found appellees' claim to be credible; conversely, the court clearly did not believe appellants' version of the facts.

■ Contrary to appellants' position, the trial court's findings were also

---

that in American Samoa, communal lands are not actually owned by the *sa'o*, but by the family. *See, e.g., Lutu v. Taesaliali'i*, 11 A.S.R.2d 80, 87 (Land & Titles Div. 1989). A *matai* merely acts as a trustee of family land, not as an owner. The substitution of the named party *sa'o* in the family's efforts to maintain communal land is really of no import in this matter.

supported by factors that went beyond family history and oral tradition— the presence of a Tupuola graveyard and the absence of Alo family burials on the disputed area. Under local law, family graves tend to indicate ownership of the burial site. *See, e.g., Malaepule v. Fa`agau,* 29 A.S.R.2d 152, 155 (Land & Titles Div. 1996) (the significance of family graves is a traditional indicia of land ownership); *Uiagalelei v. Fuimaono,* 14 A.S.R.2d 49, 50 (Land & Titles Div. 1990) ("the general and long standing custom is to place family graves on family land . . . and to rely on them as evidence of land ownership"). While the Alo family has claimed that their lack of graves was due to their use of a graveyard outside the contested land, the court found that the Alo family did attempt to bury a family member on the contested land but withdrew when the Tupuola family objected.

■ Finally, there was no error in the trial court's finding that the Alo family's use of the land was by the permission of the Tupuola family. Because appellants' claim that the Alo family owns the land due to adverse possession was therefore not reached by the trial court, we will not consider it now. However, even if the trial court believed that the Alo family had continuous use and possession of the land, its acceptance of the appellee's testimony that the Alo members' occupation of land was founded on the permission of various Alo titleholders simply renders the Alo family's actions insufficient to establish ownership. Permission defeats a permittee's claim of adverse possession and grants him only a personal license. *Utu v. Fuata,* 17 A.S.R.2d 104, 106-07 (Land & Titles Div. 1990).

In our view, the trial court considered the full set of circumstances and weighed the credibility of the testimony in reaching its decision, and its findings are substantially supported on the record. Under the applicable standard of review, we must uphold these findings. These findings establish title for appellees to the disputed land.

For reasons discussed, we affirm.

It is so ordered.